## UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD UNDERWRITERS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2023-cv- |
| GUARANTEED RATE, INC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### HARTFORD UNDERWRITERS INSURANCE COMPANY'S
### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Hartford Underwriters Insurance Company ("Hartford"), and for its Complaint for Declaratory Judgment against GUARANTEED RATE, INC. ("Guaranteed Rate"), states as follows:

### STATEMENT OF THE CASE

1.     This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Hartford does not owe a duty to defend or indemnify Guaranteed Rate under the insurance policy bearing Policy No. 83 UUN AC1545 (the "Policy") for any claim or potential claim against it arising out of the Complaint in the lawsuit styled: *Surge Solutions, LLC, a Michigan limited liability company v. Guaranteed Rate, Inc., a Delaware corporation, as Surviving Corporation of Stearns Lending, LLC, a California limited liability company and merged company*, Case No. 2022-197837-CB, filed in the Circuit Court of Oakland County, Michigan on December 16, 2022 ("the Underlying Action"). A copy of the Complaint filed in the Underlying Action is attached hereto as "**Exhibit A**."

1

2.     Hartford does not owe a duty to defend or indemnify Guaranteed Rate because among other things, the Complaint does not trigger the Policy's Insuring Agreement(s). Specifically, the underlying allegations do not constitute "bodily injury," "property damage," or "personal and advertising injury" caused by an "occurrence" during the policy period. *See*, Coverage A Insuring Agreement – Bodily Injury and Property Damage Liability; Coverage B Insuring Agreement – Personal and Advertising Injury Liability.

## PARTIES

3.     Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

4.     Guaranteed Rate is Delaware Corporation, with its principal place of business located within the geographic boundaries of this District.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, Hartford is a citizen of Connecticut, and Guaranteed Rate is a citizen of Illinois.

6.     Guaranteed Rate has sought coverage under the Policy for the claims against it in the Underlying Action.

7.     Hartford denies coverage under the Policy with regard to the Underlying Action.

8.     An actual justiciable controversy exists between Hartford, and the Defendant herein as to the availability of insurance coverage to Guaranteed Rate under the Policy for the claims in the Underlying Action.

9.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Guaranteed Rate has its principal place of business located within the geographical boundaries of this District and conducts business within the geographical boundaries of this District.

## FACTS

**A.     The Underlying Action**

11.    On December 16, 2022, the underlying plaintiff ("Surge LLC") commenced the Underlying Action alleging breach of contract, unjust enrichment, conversion, and quantum meruit.

12.    The Underlying Action alleges that Guaranteed Rate is the surviving corporation of a merger in which Stearns Lending LLC ("Stearns") was the targeted and merged company. Ex. A.

13.    The Complaint alleges on January 6, 2021, Stearns signed its first Order Form for services with Surge LLC. The Order Form is – in essence – a quantity and term contract whereby Surge LLC was to provide certain licensed products ("Surge Products") over the course of 21 to 24 months. Allegedly, between January 2021 and August 2021, Stearns ordered an extensive amount of the Surge Products for a term lasting through January 2023 (the "Surge Contracts") whereby (a) Stearns ordered the Surge Products and became obligated to pay the aggregate full contract amount for such Products, and (b) Surge LLC became obligated to provide such Products to Stearns. Ex. A.

14.     At some time during November 2021, Guaranteed Rate allegedly publicly announced that it would wholly acquire Stearns by merger. The Underlying Action alleges that as part of said acquisition, Guaranteed Rate agreed to assume the debts and obligations of Stearns, including the Surge Contracts. Ex. A.

15.     The Underlying Action alleges that over the span of three meetings in 2022, representatives of Guaranteed Rate met with their counterparts at Surge LLC to discuss changing the types of Products offered under the Surge Contracts. The Complaint further alleges Guaranteed Rate failed to make a selection for new Products. As a result, Surge LLC allegedly sent invoices to Guaranteed Rate requesting payment for the Surge Products, but Guaranteed continued to use the Surge Products without remitting payment. Ex. A.

16.     Surge LLC seeks damages in the Underlying Action for the amount of the unpaid invoices totaling $3,084,246.32, plus unspecified overdue costs, in addition to reasonable attorney's fees and costs. Ex. A.

**B.      The Policy**

17.     Hartford issued a Business Owner's Policy bearing policy number 83 UUN AC1545 to Guaranteed Rate with effective dates of June 26, 2020 through July 31, 2021. The Policy contains Business Liability Coverage. A true and accurate copy of the Policy is attached as "**Exhibit B**."

18.     Subject to all of its terms, the Business Liability Coverage in the Policy states:

**SECTION I – COVERAGES[1]**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

---

[1] Commercial General Liability Coverage is provided pursuant to COMMERCIAL LIABILITY COVERAGE FORM HG 00 01 09 16 as modified in relevant part by DISCRIMINATION - AMENDMENT OF PERSONAL AND ADVERTISING INJURY DEFINITION HC 30 06 09 16.

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*See* Ex. B.

19. Subject to all of its terms, the Business Liability Coverage in the Policy also contains the following definitions:

*      *      *

**5.** **"Bodily injury"** means physical:

**a.** Injury;

**b.** Sickness; or

**c.** Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

*      *      *

**16.** **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** **"Personal and advertising injury"** means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

6

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral, written or electronic publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral, written or electronic publication, in any manner, of material that violates a person's right of privacy;

**f.** Copying, in your "advertisement" a person's or organization's "advertising idea" or style of "advertisement";

**g.** Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"[.]

**h.** Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person, provided that such discrimination is not committed by or at your direction, or the direction of any partner, member, manager, "executive officer", director, stockholder or trustee of the insured [as modified by HC 30 06 09 16].

*      *      *

**19.** **"Property damage"** means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, computerized or electronically stored data, programs or software are not tangible property. Electronic data means information, facts or programs:

**a.**    Stored as or on;

**b.**    Created or used on; or

**c.**    Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cell, data processing devices or any other media which are used with electronically controlled equipment.

*See* Ex. B.

20. Subject to all of its terms, Coverage A – Bodily Injury and Property Damage Liability, contains the following exclusions:

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

\*    \*    \*

**2.**    **Exclusions**

This insurance does not apply to:

**a.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

**b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*      \*      \*

**o.**    **Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury."

*See* Ex. B.

21.    Subject to all of its terms, Coverage B – Personal and Advertising Injury Liability, also contains the following relevant exclusions:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

\*      \*      \*

**2.**    **Exclusions**

This insurance does not apply to:

a. **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

\*       \*       \*

e. **Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

f. **Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement".

*See* Ex. B.

## COUNT I

### No "Bodily Injury" or "Property Damage" Caused By an "Occurrence"—Business Liability Coverage A

22.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

23.     Subject to all of its terms, the Business Liability Coverage A's Insuring Agreement provides coverage for claims for damages because of "bodily injury" or "property damage" caused by an "occurrence."

24.     The claims in the Underlying Action do not concern claims for damages because of "bodily injury" or "property damage" caused by an "occurrence."

10

25.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the "bodily injury" or "property damage" coverage parts of the Business Liability Coverage in the Policy for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.      For all such just and equitable relief, including costs of this Lawsuit.

## COUNT II

### No Coverage for "Personal and Advertising Injury"— Business Liability Coverage B

26.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

27.     Subject to all of its terms, the Business Liability Coverage B's Insuring Agreement provides coverage for claims for damages because of "personal and advertising injury."

28.     The claims in the Underlying Action do not concern claims for damages because of "personal and advertising injury," as that term is defined in the Policy.

29.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the "personal and advertising injury" coverage part of the Business Liability Coverage in the Policy for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.      For all such just and equitable relief, including costs of this Lawsuit.

## COUNT III

### No Coverage for Expected or Intended Injury—Exclusion A.2.(a)

30.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

31.     The Business Liability Coverage, at Exclusion A.2.(a), precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

32.     To the extent "bodily injury" or "property damage" is alleged in the Underlying Action, which Hartford denies, this Exclusion precludes coverage.

33.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.     For all such just and equitable relief, including costs of this Lawsuit.

## COUNT IV

### No Coverage for "Bodily Injury" or "Property Damage" Arising from Contractual Liability—Exclusion A.2(b)

34.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

35.     The Business Liability Coverage, at Exclusion A.2.(b), precludes coverage for "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

36.     To the extent "bodily injury" or "property damage" is alleged in the Underlying Action, which Hartford denies, this Exclusion precludes coverage.

37.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.     For all such just and equitable relief, including costs of this Lawsuit.

## COUNT V

### No Coverage for "Personal and Advertising Injury"—Exclusion A.2(o)

38.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

39.     The Business Liability Coverage, at Exclusion A.2.(o), precludes coverage for "bodily injury" arising out of "personal and advertising injury."

40.     To the extent "bodily injury" or "personal and advertising injury" is alleged in the Underlying Action, which Hartford denies, this Exclusion precludes coverage.

41.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.     For all such just and equitable relief, including costs of this Lawsuit.

## COUNT VI

### No Coverage for "Personal and Advertising Injury" Arising from Knowing Violation of Rights of Another—Exclusion B.2(a)

42.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

43.     The Business Liability Coverage, at Exclusion B.2.(a), precludes coverage for "personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

44.     To the extent "personal and advertising injury" is alleged in the Underlying Action, which Hartford denies, this Exclusion precludes coverage.

45.      Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.     For all such just and equitable relief, including costs of this Lawsuit.

## COUNT VII

### No Coverage for "Personal and Advertising Injury" Arising from Contractual Liability—Exclusion B.2(e)

46.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

47.     The Business Liability Coverage, at Exclusion B.2.(e), precludes coverage for "personal and advertising injury" for which the insured has assumed liability in a contract or agreement.

48.     To the extent "personal and advertising injury" is alleged in the Underlying Action, which Hartford denies, this Exclusion precludes coverage.

49.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.      For all such just and equitable relief, including costs of this Lawsuit.

## COUNT VIII

### No Coverage for "Personal and Advertising Injury" Arising from a Breach of Contract—Exclusion B.2(f)

50.     Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

51.     The Business Liability Coverage, at Exclusion B.2.(f), precludes coverage for "personal and advertising injury" arising out of a breach of contract.

52.     To the extent "personal and advertising injury" is alleged in the Underlying Action, which Hartford denies, this Exclusion precludes coverage.

53.     Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for the claims against it in the Underlying Action; and

B.   For all such just and equitable relief, including costs of this Lawsuit.

## COUNT IV

### No Coverage for Non-Damage and Punitive Claims

54.   Hartford incorporates and restates the allegations of Paragraphs 1 through 22 above as if set forth herein.

55.   The Business Liability Coverage does not provide coverage for restitution or costs associated with declaratory or injunctive relief as these are not claims for damages because of "bodily injury," "property damage," or "personal and advertising injury."

56.   The Business Liability Coverage also does not provide coverage for any awards of punitive or exemplary damages.

57.   To the extent said relief is sought in the Underlying Action, there is no coverage.

58.   Accordingly, Hartford does not owe any defense or indemnity obligations to Guaranteed Rate under the Business Liability Coverage for these claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding that Hartford owes no duty to defend or indemnify Guaranteed Rate for these claims against it in the Underlying Action; and

B.  For all such just and equitable relief, including costs of this Lawsuit.

Respectfully Submitted,

By: /s/ *Michael J. Duffy*

One of the Attorneys for Hartford
Underwriters Insurance Company

Michael J. Duffy
Michael.Duffy@wilsonelser.com
Michael J. O'Malley
Michael.O'Malley@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, Illinois 60603-5016
(312) 704-0550